## STATE *v.* PIGGUES.

### Opinion delivered October 28, 1893.

*Criminal procedure—Effect of giving security for fine.*

> Where one convicted of a misdemeanor has given a bond with security for payment of the fine and costs, as provided by Acts of 1887, ch. 148, and has been released by the sheriff, he cannot be retaken if the bond subsequently proves worthless.

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

*James P. Clarke*, Attorney General, for appellant.

Under sec. 1213, Mansfield's Digest, it was the duty of the sheriff to take defendant into custody, and, if the fine and costs were not paid *immediately*, to hire him out, etc. 37 Ark. 437. The object of the act of 1887 was to *facilitate* the collection of fines, etc. The intention of the legislature is the only inquiry here, and such a construction should be placed upon the act as best answers the intention the law-makers had in view. 15 J. R. (N. Y.) 357, 380 ; 12 Tex. 399 ; 11 Ark. 47. It was not intended to *abrogate* or repeal sec. 1213, or to *discharge* the prisoner. 23 Ark. 304. The two laws should be construed *in pari materia*, and reconciled if possible. 50 Ark. 137 ; 45 *id.* 93 ; 40 *id.* 448 ; 5 *id.* 349. The act merely *suspended* the execution of the judgment until the bond became due, and *facilitates* its enforcement, if default was made.

BUNN, C. J. The appellee, Boston Piggues, was indicted, at the August term, 1892, of the Howard circuit court, for the crime of gaming, and, on his plea of guilty, was fined ten dollars. Judgment was rendered under section 1213 of Mansfield's Digest,* and appellee

---

* Mansfield's Digest, section 1213, provides that, " when any person shall be convicted of any misdemeanor under the laws of this State,

then gave his obligation with sureties, under the act of April 5, 1887, entitled " An act to facilitate the collection of fines and costs in criminal cases." † Default was made at the maturity of the obligation, and execution was issued against appellee and his sureties, as provided in the act in such cases, the obligation having the force and effect of a judgment. The execution was returned *nulla bona*, neither the appellee nor his sureties having property out of which the amount could be made.

At the February term, 1893, of said court, the State, by her attorney, petitioned the court for an execution against the defendant, containing a *capias* clause, to which the defendant demurred, which was by the court sustained, and the State appealed.

Thus we are presented with the question, whether or not, the note or bond mentioned in the first section of the act of April 5, 1887, having been given, the same is intended to operate as a finality as to the defendant, so far as the criminal prosecution is concerned. This of course involves an inquiry into the meaning of that act, when taken in connection with section 1213 and other sections of Mansfield's Digest.

---

by any court of competent jurisdiction, the court shall render judgment against the person so convicted, which judgment shall direct that the person convicted be put to labor in any manual labor workhouse, or on any bridge or other public improvement, or that the person be hired out to some person, as hereinafter provided, until the fine and costs be paid, which shall not exceed one day for each 75 cents of the fine and costs."

† Act April 5, 1887, provides : " Section 1. That whenever any person shall be convicted of a misdemeanor, by any court or justice of the peace, and shall give security for the fine and costs adjudged against him, the sheriff or other officer taking such security shall forthwith file with the clerk of the court or justice of the peace rendering the judgment the bond or note so taken which bond or note, when so filed, shall have the force and effect of a judgment, and if the same be not satisfied at the maturity thereof, the clerk of the court or justice of the peace, as the case may be shall issue an execution against the defendant and the said securities, which execution so issued shall have the same force and effect as other executions in criminal cases."

There is nothing in the act itself which authorizes the sheriff to continue his custody of the defendant after he has given the obligation required.    He is then released from the custody of the sheriff, to all intents and purposes, just as he would have been, on his hirer having given the required obligation, had he been hired out under sections 1213 and 1214, Mansfield's Digest.    He seems to be no longer the subject of the sheriff's custody in any manner.    The act makes no provision for his recaption.    It evidently contemplates that there is nothing else left to do but to collect the obligation.    We cannot sanction the arrest and imprisonment of misdemeanants without some express authority for it, or at least some more strongly implied authority than we have been able to find in the law on the subject as it now stands.    The judgment of the Howard circuit court is therefore affirmed.